1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN INSURANCE COMPANY, | )  1:06cv1100 AWI DLB<br>)<br>) |
| Plaintiff, | )  FINDINGS AND RECOMMENDATION<br>)  GRANTING PLAINTIFF'S MOTION<br>)  FOR DEFAULT JUDGMENT<br>)<br>)  (Document 21) |
| v. | )<br>) |
| MICHAEL J. MENEFEE, et al., | )<br>)<br>) |
| Defendants. | )<br>)<br>)<br>) |

17    Plaintiff Great American Insurance Company ("Plaintiff") filed the instant motion for

18 default judgment on October 26, 2006.  The matter was heard on December 1, 2006, before the

19 Honorable Dennis L. Beck, United States Magistrate Judge.  James D. Curran appeared on behalf

20 of Plaintiff.  Michael J. Menefee appeared on his own behalf.  There was no appearance on

21 behalf of Defendant LGR.

22                              PROCEDURAL AND FACTUAL BACKGROUND

23    Plaintiff filed this action on August 21, 2006, based on this Court's diversity jurisdiction.

24 Plaintiff filed suit against Michael J. Menefee and LGR, a California corporation ("Defendants"),

25 and seeks to avoid allegedly fraudulent transfers pursuant to California Civil Code sections

26 3439.04(a)(1), 3439.05(a)(2) and 3439.05.

27    According to the complaint, on October 25, 2001, Michael J. Menefee and Menefee

28 Construction entered into an Agreement of Indemnity ("Agreement") in favor of Plaintiff, as

1  partial consideration for Plaintiff's agreement to issue bonds on behalf of Menefee Construction.

2  Menefee Construction subsequently entered into various contracts for works of construction.

3  Pursuant to the Agreement, Plaintiff issued labor and material bonds, performance bonds and a

4  license bond.  Thereafter, certain obligees and claimants alleged that Menefee Construction

5  defaulted on certain performance and payment obligations under various contracts and the bonds.

6  On October 26, 2005, Plaintiff gave initial notice, in writing, that a payment bond claim

7  was filed in the amount of $9,534.00 and demanded that Menefee and Menefee Construction

8  make payment to Plaintiff for the liability that existed against Plaintiff under the bonds.  They

9  have failed to make any payments.

10  From October 26, 2005, through January 2006, the amount accumulated.  On January 10,

11  2006, Plaintiff made another written demand.  At this time, Menefee was indebted to Plaintiff for

12  actual losses, costs and expenses in an amount no less than $108,141.83.  On January 12, 2006,

13  Plaintiff demanded, in writing, that Menefee and Menefee Construction deposit cash, personal

14  property or real property in the amount equal to the claims on the bonds at that time-

15  $663,761.33.  They failed to deposit the requested collateral.

16  On April 7, 2006, Plaintiff brought suit against Menefee and Menefee construction, in

17  related case number 1:06cv0392 AWI DLB, alleging (1) breach of contract; (2) specific

18  performance of the Agreement; (3) quia timet; and (4) injunctive relief.  Plaintiff demanded that

19  Menefee and Menefee Construction deposit cash, personal property or real property in the

20  amount equal to the claims on the bonds at that time- $946,499.54.

21  At the time the related complaint was filed, Menefee and Menefee Construction had an

22  interest in three parcels of real property:

23  1.    9768 S. Leonard Ave., Selma, California (APN 348-074-06)

24  2.    9754 and/or 9714 S. Leonard Ave., Selma, California (APN 348-074-07)

25  3.    2 acres vacant residential land, S. Leonard Ave., Selma, California

26        (APN 348-250-01)

27  On May 16, 2006, in the related case, Plaintiff filed an ex parte application for writ of

28  attachment, or in the alternative, temporary restraining order against Menefee to prohibit him

1   from transferring or encumbering the land prior to the adjudication of the complaint.  A courtesy

2   copy of the writ was faxed to Menefee on May 16, 2006.

3         On May 17, 2006, LGR was incorporated with the California Secretary of State.  On May

4   26, 2006, four days prior to the writ of attachment hearing, a document was recorded with the

5   Fresno County Recorder's Office indicating that Menefee had conveyed the 2 vacant acres (APN

6   348-250-01), to LGR.

7         On May 30, 2006, the day of the writ of attachment hearing, documents were recorded

8   that indicated that Menefee had conveyed 9768 S. Leonard Ave. (APN 348-074-06) and 9754

9   and/or 9714 S. Leonard Ave. (APN 348-074-07), to LGR.  Plaintiff contends that Menefee

10   submitted Plaintiff's "Attachment 1 - Property to be Attached," an exhibit to the writ of

11   attachment, to the Recorder's Office.

12         Menefee and his attorney, appearing through a special appearance of bankruptcy counsel,

13   appeared at the May 30, 2006, hearing.  Neither Menefee nor his attorney told the Court or

14   Plaintiff that the property had been transferred.  On May 30, 2006, the Honorable Anthony W.

15   Ishii issued the writ of attachment, prohibiting Menefee from transferring or encumbering the

16   property until the resolution of the action.  Menefee also appeared for a hearing on Plaintiff's

17   motion for a preliminary injunction on June 26, 2006, and did not disclose the transfer.

18         On June 29, 2006, Menefee Construction filed for Chapter 11 bankruptcy.  On August 1,

19   2006, the bankruptcy was converted to Chapter 7.  The bankruptcy case has since been

20   dismissed.

21         Plaintiff filed this action on August 21, 2006.  Both Defendants were served but have

22   failed to answer.  The Clerk of Court has entered defaults against both Defendants.

23         Plaintiff filed the instant motion on October 26, 2006, and served the motion on

24   Defendants that same day.  Defendants have failed to respond or otherwise appear in this action.

25                    ALLEGATIONS IN THE INSTANT COMPLAINT

26         Plaintiff alleges that Menefee (1) fraudulently transferred the three pieces of real property

27   identified in an attempt to avoid Plaintiff's attachment of the property; (2) continues to

28

1  fraudulently transfer and dissipate assets; and (3) continues to refuse to indemnify or collateralize
2  Plaintiff in any amount.

3      Plaintiff alleges three causes of action: (1) avoidance of fraudulent transfer under
4  California Civil Code section 3439.04(a)(1), based on Menefee's transfer of the thee pieces of
5  real property after Plaintiff made its demands for indemnity and collateral, with the actual intent
6  to hinder, delay and defraud Plaintiff as a creditor; (2) avoidance of fraudulent transfer under
7  California Civil Code section 3439.05(a)(2), based on the fraudulent transfer with intent to incur
8  debts beyond his ability to pay as they became due; and (3) avoidance of fraudulent transfer
9  under California Civil Code section 3439.05, based on the fraudulent transfer that resulted in
10  Menefee becoming insolvent.

11     For each of the three pieces of real property transferred, Plaintiff requests (1) that the
12  transfers to LGR be avoided in their entirety (§ 3439.07(a)(1)); (2) that the property be
13  transferred back to Menefee (§ 3439.07(a)(3)(C)); and (3) that Plaintiff be granted an attachment
14  (§ 3439.07(a)(2)).

15     Plaintiff also requests damages according to proof, interest, punitive damages and
16  attorneys' fees and costs.

17                           DISCUSSION
18  A.   Legal Standard

19     Plaintiff moves for entry of default judgment pursuant to Federal Rule of Civil Procedure
20  55(b)(2), which provides that judgment may be entered:

21         (2)    By the Court.  In all other cases the party entitled to a judgment by default
            shall apply to the court therefor; but no judgment by default shall be entered
22         against an infant or incompetent person unless represented in the action by a
            general guardian, committee, conservator, or other such representative who has
23         appeared therein. If the party against whom judgment by default is sought has
            appeared in the action, the party (or, if appearing by representative, the party's
24         representative) shall be served with written notice of the application for judgment
            at least 3 days prior to the hearing on such application. If, in order to enable the
25         court to enter judgment or to carry it into effect, it is necessary to take an account
            or to determine the amount of damages or to establish the truth of any averment
26         by evidence or to make an investigation of any other matter, the court may
            conduct such hearings or order such references as it deems necessary and proper
27         and shall accord a right of trial by jury to the parties when and as required by any
            statute of the United States.
28

                                    4

"Upon default, the well pleaded allegations of the complaint relating to liability are taken as true." <u>Dundee Cement Co. v. Highway Pipe and Concrete Products</u>, 722 F.2d 1319, 1323 (7th Cir. 1983); <u>Televideo Systems, Inc. v. Heidenthal</u>, 826 F.2d 915, 917 (9th Cir. 1987). Thus, "[a]t the time of entry of default, the facts alleged by the plaintiff in the complaint are deemed admitted." 10 J. Moore, <u>Moore's Federal Practice</u> §55.11 (3d ed. 2000).

Factors which may be considered by courts in exercising discretion as to the entry of a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).

Both Menefee and LGR were served on August 23, 2006. True and correct copies of the proofs of service were filed with the Court on August 24, 2006, and August 25, 2006.

Defendants are not infants or incompetent persons, and are not in the military service or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940. Accordingly, a clerk's default was entered against Menefee on September 18, 2006, and against LGR on October 10, 2006.

B.    <u>Plaintiff's Claims</u>

In its complaint, Plaintiff seeks to set aside three fraudulent transfers of the above listed real property pursuant to California Civil Code sections 3439.04(a)(1), 3439.04(a)(2) and 3439.05.

1.    Cal. Civil Code § 3439.04(a)(1)

Section 3439.04(a)(1) provides that:

a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

(1) With actual intent to hinder, delay, or defraud any creditor of the debtor.

Plaintiff alleges that despite numerous demands to Defendants for indemnity and collateral, Defendants did not respond and Plaintiff in turn filed suit. Plaintiff further alleges that after the demands were made, Menefee transferred his interest in the above listed three pieces of real property to LGR with the intent to hinder, delay and defraud Plaintiff. These transfers were made despite Menefee's knowledge of his obligations under the Agreement, Plaintiff's demands and the pending lawsuit. Plaintiff alleges that LGR was an insider with reason to believe that Menefee was insolvent at the time of the transfers, and that Menefee continued to maintain control of the properties after the transfer by using them for living and working. Complaint, ¶¶ 40-56.

Plaintiff's complaint states all of the elements to sufficiently plead a cause of action to avoid a fraudulent transfer under section 3439.04(a)(1).

2.   Section 3439.04(a)(2)

Section 3439.04(a)(2) provides that:

(a) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

(2) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either. . .:

(B) Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

Plaintiff incorporates the above allegations into the second cause of action. Plaintiff further alleges Menefee did not receive a reasonably equivalent value in exchange for the transfer of the properties to LGR. At the time of the transfer, Menefee owed a substantial debt to Plaintiff and should have reasonably believed that he would incur debts beyond his ability to pay as they became due. Complaint, ¶¶ 57-62.

Plaintiff's complaint contains all of the elements to sufficiently plead a cause of action to avoid a fraudulent transfer under section 3439.04(a)(2).

3.   Section 3439.05

Section 3439.05 provides as follows:

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

In pleading the third cause of action, Plaintiff incorporates the previous allegations.  It further alleges that at the time of the transfers, Menefee was insolvent or became insolvent as a result of the transfers.  Complaint, ¶¶ 63-68.

Plaintiff's complaint contains all of the elements to sufficiently plead a cause of action to avoid a fraudulent transfer under section 3439.05.

The Court therefore deems the allegations in the complaint to be true.

C.     Relief

Although Plaintiff requested both monetary and injunctive relief in its complaint, it seeks only injunctive relief in moving for default judgment.  As to all three pieces of real property at issue, Plaintiff requests (1) that the fraudulent transfers be avoided in their entirety; (2) that the properties be transferred from LGR back to Menefee; and (3) that Plaintiff be granted attachments against the properties pursuant to California Civil Code section 3439.07(a)(2).

The Court finds that the requested relief is reasonable and should be granted.  There is no evidence of the existence of any factors that would mitigate against granting default judgment. Eitel v. McCool, 782 F.2d 1470, 1471-1472 (9th Cir. 1986).[1]  In granting the relief, the Court finds that whatever rights Plaintiff had at the time of the fraudulent transfer should be in effect, including the writ of attachments granted by the Honorable Anthony W. Ishii on May 30, 2006.

## RECOMMENDATION

Accordingly, the Court recommends that Plaintiff's motion for default judgment be GRANTED and the following relief be GRANTED:

1.     As to 9768 S. Leonard Avenue, Selma, CA (APN 348-074-07):

a.     The transfer to LGR be avoided in its entirety;

---

[1] Although Mr. Menefee appeared at the hearing and raised issues that could arguably weigh against granting default judgment, the Court explained that he was not entitled to be heard due to his default.  The Court explained the process of objecting to these Findings and Recommendations and suggested that he raise any issues in his objections.

1        b.      The property be transferred back to Menefee; and

2        c.      Plaintiff be granted an attachment pursuant to Cal. Civil Code section

3                3439.07(a)(2).

4    2.      As to 9754 and/or 9714 S. Leonard Avenue, Selma, CA (APN 348-074-06):

5        a.      The transfer to LGR be avoided in its entirety;

6        b.      The property be transferred back to Menefee; and

7        c.      Plaintiff be granted an attachment pursuant to Cal. Civil Code section

8                3439.07(a)(2).

9    3.      As to the 2 acres of vacant residential land, S. Leonard Avenue, Selma, CA

10              (APN 348-250-01):

11       a.      The transfer to LGR be avoided in its entirety;

12       b.      The property be transferred back to Menefee; and

13       c.      Plaintiff be granted an attachment pursuant to Cal. Civil Code section

14               3439.07(a)(2).

15       This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii,

16   United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B)

17   and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern

18   District of California.  Within ten (10) days after being served with a copy, any party may file

19   written objections with the court and serve a copy on all parties.  Such a document should be

20   captioned "Objections to Magistrate Judge's Findings and Recommendations."  The Court will

21   then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are

22   advised that failure to file objections within the specified time may waive the right to appeal the

23   District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

24

25       IT IS SO ORDERED.

26   Dated:   December 8, 2006                    /s/ Dennis L. Beck
     3b142a                                       UNITED STATES MAGISTRATE JUDGE
27

28